UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0141 (PJS/SER) |
| | Case No. 15-CV-0473 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| PHUVANATH RONALD MOUNTHACHACK, | |
| Defendant. | |

Amber M. Brennan, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Donald M. Lewis, NILAN JOHNSON LEWIS PA, for defendant.

Phuvanath Ronald Mounthachack moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Mounthachack alleges that his lawyer was ineffective because he failed to adequately inform the Court that Mounthachack suffers from a serious eye disease.  Had the Court been adequately informed of his medical condition, Mounthachack argues, the Court would have given him a shorter prison sentence—or perhaps not sent him to prison at all.  Mounthachack's motion is denied because, even if the Court had been fully informed about Mounthachack's condition, the Court would have imposed the same sentence.

In August 2013, Mounthachack pleaded guilty to possessing a firearm as a felon. A Presentence Investigation Report ("PSR") was prepared to assist the Court in

deciding on Mounthachack's sentence.  The PSR recounted the circumstances of Mounthachack's offense (he sold a handgun to a confidential informant), his criminal history (including two prior felonies involving guns), and his personal characteristics (including his habitual marijuana use and addiction to heroin).  PSR ¶¶ 7, 34, 38, 53, 55.  The PSR also described Mounthachack's physical condition, noting the following eye condition:

> The defendant advised that he is blind i[n] his right eye.  He stated that in April 2010, while he was incarcerated at the Moose Lake, Minnesota, Correctional Facility, he woke up with pain in his right eye.  He stated that he was diagnosed with iritis, and eventually became blind in his right eye.  Medical records received from the Rice Memorial Hospital in Wil[l]mar, Minnesota, reflect that the defendant was treated for iritis at their facility on July 3, 2010.  The defendant advised that he received further medical attention; however, he was unable to recall the location of the facility.

*Id.* ¶ 50.  The PSR ultimately calculated an advisory guideline range of 57 to 71 months' imprisonment.  *Id.* ¶ 65.  Mounthachack's lawyer did not object to the PSR or propose any amendments.  *Id.* add. at A.1.

The Court sentenced Mounthachack to the bottom of the recommended range, 57 months.  In explaining the reasons for the sentence, the Court discussed the factors listed in 18 U.S.C. § 3553(a), including the circumstances of Mounthachack's offense, his

criminal history, and his personal characteristics. ECF No. 66 at 17:1-19:25. The Court said nothing about Mounthachack's eye condition.

Mounthachack now contends that he received ineffective assistance of counsel in connection with his sentencing. Specifically, Mounthachack argues that his attorney should have more thoroughly investigated his eye condition—and that, if his attorney had conducted a thorough investigation, the attorney would have learned that the Bureau of Prisons ("BOP") was unable to treat that condition. Had this fact been brought to the Court's attention, Mounthachack argues, the Court would have realized that sentencing Mounthachack to prison was the equivalent of sentencing him to a lifetime of blindness. Knowing that, the Court would likely have given Mounthachack a much shorter sentence or perhaps sentenced him to probation or home confinement instead of prison.

The Court has carefully considered Mounthachack's allegations. The Court began by appointing Donald M. Lewis to represent Mounthachack in this § 2255 proceeding. Lewis is a leader of the local bar, a longtime litigator, and the former dean of the Hamline University School of Law. Lewis, in turn, retained a well qualified expert witness: Dr. Kevin Engel, chief of ophthalmology at the Hennepin County Medical Center. With the assistance of Lewis, Dr. Engel collected and reviewed records regarding Mounthachack's medical care before and after he was sentenced. The Court

then conducted an evidentiary hearing at which Dr. Engel testified at length about Mounthachack's condition.

Dr. Engel explained that Mounthachack suffers from Vogt-Koyanagi-Harada disease ("VKH"), an autoimmune condition in which the immune system attacks melanin in the eyes, causing inflammation and potentially blindness. ECF No. 81 at 7:1-8:8, 45:17-22, 50:15-51:2. Dr. Engel testified that VKH is not curable, but can be monitored and treated (typically with steroids to suppress the autoimmune reaction). *Id.* at 9:16-10:13, 48:8-49:6. According to Dr. Engel, just about any competent ophthalmologist can treat VKH with commonly available drugs. *Id.* at 46:15-47:4, 49:7-19. Although Dr. Engel was critical of the care that Mounthachack has received from the BOP,[1] Dr. Engel expressed no reason why the BOP should not be able to adequately treat Mounthachack's condition. Dr. Engel specifically said that, had he testified at Mounthachack's sentencing hearing, he would not have told the Court that "if you send him to prison, he will go blind and if you don't, he won't go blind." *Id.* at 51:4-6.

---

[1]Dr. Engel testified that, even though Mounthachack should be examined by an ophthalmologist as often as every month, there was a period of more than eight months during which the BOP failed to arrange for such an examination. ECF No. 81 at 20:23-21:21, 34:6-35:25. Of course, what matters for purposes of this § 2255 proceeding is what the Court would have been told about Mounthachack's eye condition at the time of sentencing. The fact that, after sentencing, the BOP may have failed to *deliver* adequate medical care does not mean that, at the time of sentencing, the Court would have concluded that the BOP was *incapable* of delivering adequate medical care. That said, the Court has contacted the BOP to express concern about the care that has been provided to Mounthachack. *See* ECF No. 77.

At the evidentiary hearing, the government offered the deposition testimony of Dr. Paul Harvey, the Regional Medical Director for the BOP. Gov. Ex. 4. Dr. Harvey explained that different prisons have different medical facilities (some more comprehensive than others) and that, when necessary to meet inmates' medical needs, inmates are transferred between prisons. *Id.* at 16:4-23. He further testified that when a prisoner needs to see a specialist who is not on staff at the prison, the BOP will arrange for the prisoner to see a specialist in the community. *Id.* at 29:7-17. Dr. Harvey agreed that, at the time of sentencing, "the BOP could treat Mr. Mounthachack with the diagnosis of VKH." *Id.* at 102:15-21.

Mounthachack's collateral attack on his sentence is premised on his contention that, if his attorney had more thoroughly investigated his eye condition and presented more detailed information at the sentencing hearing, the Court would have given him a shorter sentence. This premise is necessary to Mounthachack's ineffective-assistance claim because Mounthachack must establish not only that his attorney performed deficiently, but that the deficient performance prejudiced him. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). In the sentencing context, establishing prejudice means establishing a reasonable probability that, but for the defense attorney's deficient performance, the judge would have imposed a shorter sentence. *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013); *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010).

Assuming for the sake of argument that Mounthachack's lawyer's performance was constitutionally deficient, Mounthachack's ineffective-assistance claim still cannot succeed because Mounthachack has not established a reasonable probability that he would have received a different sentence if his attorney had performed adequately. In this § 2255 proceeding, Mounthachack was represented by an excellent lawyer who thoroughly investigated Mounthachack's eye condition and who presented the testimony of a leading medical expert. If the Court had received all of this information at the time of sentencing, the Court would have given Mounthachack the same sentence, because the Court would have found that the BOP was capable of treating Mounthachack's condition.

One other thing should be noted: Had Mounthachack made more of his eye condition at the time of sentencing, the Court would have asked not just whether the BOP was capable of treating that condition, but how the treatment that Mounthachack would receive in custody would compare to the treatment that Mounthachack would receive out of custody. Mounthachack is a heroin addict with a long criminal record. He has never held an honest job; instead, when not in custody, he has supported himself by selling drugs. At the time of his arrest, he was selling a handgun in order to earn money to buy heroin. Mounthachack had no savings and no legitimate source of income, and presumably had no health insurance, and apparently had no permanent home. There is also no indication that Mounthachack was getting adequate care for his

eye condition.  Whatever concerns that the Court may have had about the BOP's ability to treat Mounthachack's condition would have been dwarfed by concerns about the treatment (or lack of treatment) that Mounthachack would have received while on the street.

In sum, Mounthachack has failed to establish that he would have received a different sentence if his attorney had thoroughly investigated his eye condition and better informed the Court about that condition.  Mounthachack's ineffective-assistance claim therefore fails, and his § 2255 motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Mounthachack's motion under 28 U.S.C. § 2255 [ECF No. 52] is DENIED.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 1, 2016           s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge